ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Hanan S. Rashada, is the defendant/counterclaimant in Cuyahoga Metro. Hous. Auth. v.Rashada, Cleveland Mun. Court Case No. 2005 CVG 516, which has been assigned to respondent judge of the Cleveland Municipal Court. In Case No. 2005 CVG 516 the Cuyahoga Metropolitan Housing Authority ("CMHA") had filed an action in forcible entry and detainer and for money only. Rashada also filed a counterclaim asserting various causes of action.
 {¶ 2} CMHA dismissed both claims in the complaint. Respondent granted, in part, CMHA's motion to dismiss Case No. 2005 CVG 516 and found that plaintiff failed to state a claim with respect to Rashada's claims for: personal injury, conversion and discrimination. Respondent entered judgment for CMHA with respect to Rashada's claim that she is entitled to have CMHA grant her request for transfer to another apartment.
 {¶ 3} In this action in mandamus, Rashada requests that this court issue a writ of mandamus "compelling Respondent to grant an award for personal and punitive damages in the amount of TEN MILLION AND NO/100 DOLLARS ($10,000,000.00) each in addition to whatever amount is appropriate to cover the costs of corrective surgeries and other medical procedures * * *." Complaint, addamnum clause.
 {¶ 4} Respondent has filed a motion to dismiss this action because the complaint fails to aver facts which satisfy the requirements for an action in mandamus. Rashada has not opposed the motion.
 {¶ 5} The fundamental criteria for issuing a writ of mandamus are well-established:
"In order to be entitled to a writ of mandamus, relator mustshow (1) that he has a clear legal right to the relief prayedfor, (2) that respondents are under a clear legal duty to performthe acts, and (3) that relator has no plain and adequate remedyin the ordinary course of the law. State, ex rel. National CityBank v. Bd. of Education (1977), 52 Ohio St. 2d 81,369 N.E.2d 1200."
 {¶ 6} State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 7} Respondent argues that Rashada is unable to establish any of the three criteria. We agree. As is obvious from the portion of the complaint quoted above, Rashada requests that this court compel respondent judge to enter a specific judgment in Rashada's favor. Mandamus may not be used to compel a judge to enter a specific judgment. State ex rel. White v. Suster,
Cuyahoga App. No. 79986, 2001-Ohio-4158, at 3-4. As a consequence, we must hold that relator does not have a clear legal right to relief and respondent does not have a clear legal duty to act.
 {¶ 8} Additionally, Rashada has or had the opportunity to challenge the disposition of her counterclaim by way of appeal. "Mandamus is not a substitute for appeal. * * * Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded." Id. at 3. Rashada has or had an adequate remedy in the ordinary course of the law by way of appeal from a final appealable order in Case No. 2005 CVG 516. As a consequence, we must hold that relief in mandamus is not appropriate in this action.
 {¶ 9} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Blackmon, P.J., concurs.
 McMonagle, J., concurs.