JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Andre T. Morris, through his complaint for a writ of mandamus, seeks an order from this court which requires the Bureau of Sentence Computation, a division of the Ohio Dept. Of Rehabilitation and Correction, to amend the calculation of his pre-sentence jail-time credit. For the following reasons, we sua sponte dismiss Morris' complaint for a writ of mandamus.
 {¶ 2} Initially, we find that Morris' complaint for a writ of mandamus is defective, since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Morris to properly caption his complaint for a writ of mandamus warrants dismissal. Maloney v. Court of CommonPleas of Allen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270;Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} Morris has also failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Morris' failure to comply with R.C. 2969.25 warrants the dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd.,82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594; State ex rel. Alford v.Winters, 80 Ohio St.3d 285, 1997-Ohio-117, 685 N.E.2d 1242. It must also be noted that Morris has failed to comply with Loc.App.R. 45(B)(1)(a), which mandates that the complaint must be supported by an affidavit that specifies the details of the claim. The failure *Page 4 
of Morris to comply with the supporting affidavit requirement of Loc.App.R. 45(B)(1)(a) requires dismissal of the complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077. Finally, venue is not proper before this court, since the Bureau of Sentence Computation conducts its business in Orient, Ohio, Pickaway County. Cf. State ex rel. Davis v. Ghee (1998),126 Ohio App.3d 569, 710 N.E.2d 1178. Thus, venue is proper in the Fourth Appellate District.
 {¶ 4} Accordingly, we sua sponte dismiss, without prejudice, Morris' complaint for a writ of mandamus. Costs to Morris. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR. *Page 1