JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Mario Cole appeals from his convictions for drug possession with a firearm specification and illegal conveyance of a prohibited item into a detention facility.
 {¶ 2} Cole presents one assignment of error in which he challenges the trial court's denial of his motions for acquittal with respect to both the firearm specification and the count of illegal conveyance. Cole claims the state failed to present sufficient evidence to prove his guilt on these charges. *Page 2 
 {¶ 3} This court, however, cannot address the merits of his argument. As the record stands, this court lacks jurisdiction over this appeal.
 {¶ 4} According to the witnesses presented at trial, on May 25, 2005 police officers conducted a stop of the vehicle in which Cole was a rear-seat passenger. After Cole was removed from the vehicle, an officer discovered two guns under the rear seat. Cole was arrested and transported to jail. Later, a jailer discovered crack cocaine hidden inside Cole's jacket.
 {¶ 5} The indictment originally charged Cole with five counts, viz., 1) carrying a concealed weapon; 2) drug possession with a one-year firearm specification; 3) drug trafficking with a one-year firearm specification; 4) illegal conveyance of a prohibited item into a detention facility; and, 5) possession of criminal tools.
 {¶ 6} The case proceeded to a jury trial. The record reflects the jury returned a verdict of not guilty on counts one and five, and guilty on counts two and four. However, it could not reach a verdict on the third count of the indictment. The trial court declared a mistrial as to that count.
 {¶ 7} Although the court subsequently proceeded to sentence Cole on the counts for which the jury returned guilty verdicts, it stated it would "set a trial date for the remaining count." Thereafter, the trial court issued a journal entry noting count three was dismissed "without prejudice."
 {¶ 8} This court cannot consider Cole's appeal of his convictions until the *Page 3 
remaining count of the indictment is resolved. State v. Bourdess (May 29, 1997), Cuyahoga App. No. 70541, later appeal (Oct. 7, 1999), Cuyahoga App. No. 74842. This court repeatedly has held that in a criminal case, a dismissal without prejudice does not constitute a final order under either R.C. 2505.02 or Crim.R. 48. Id.; Fairview Park v.Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324; Cleveland v.Stifel (Sept. 29, 1999), Cuyahoga App. No. 75761; State v. Brown, Cuyahoga App. No. 84229, 2004-Ohio-5587.
 {¶ 9} In State v. Bobby (May 8, 1986), Cuyahoga App. No. 50455, this court addressed the matter[1] only to explain that since the defendant already was placed in jeopardy by trial, jeopardy did not terminate when the hung jury was discharged. Thus, the defendant had "no valid double jeopardy claim to prevent retrial." Rather, the case against the defendant remained pending because "a mistrial following a hung jury isnot an event that terminates original jeopardy," and, thus, no final disposition had been made in the case.
 {¶ 10} Similarly, in this case, the trial judge has issued an order that purports to dismiss the remaining count against appellant, but it is "without prejudice." The Ohio Criminal Rules of Procedure do not contemplate that the trial court may bar further prosecution by the entry of such a dismissal. Rather, the state is permitted to *Page 4 
pursue the matter. State v. Brown, supra, T|10.
 {¶ 11} This appeal, therefore, is premature since there is a charge against Cole that remains pending. The state is required to either dismiss with prejudice or proceed to trial on count two before this case may be considered on its merits. State v. Bourdess, supra.[2]
 {¶ 12} For the foregoing reasons, this appeal is dismissed for lack of a final appealable order.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 5 
SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR
[1] From the language of the opinion, it can be gleaned the appeal was accepted pursuant to R.C. 2505.02(4)(b).
[2] Compare State v. Sims, Cuyahoga App. No. 85608, 2005-Ohio-5846, which addressed the merits of the trial court's denial of Sims' "motion for a new trial," even though a final disposition of count one of the indictment had not been entered because the state dismissed that count "without prejudice;" the opinion ultimately remanded the case upon finding that a new trial was necessary. The record of that case on remand reflects that the state only agreed to dismiss count one in exchange for Sims' entry of a guilty plea to an amended count two. *Page 1