JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Dale Mauer, is the defendant in State v. Mauer, Cuyahoga County Court of Common Pleas Case No. CR-484375. The prosecutor amended the charge in the indictment to attempted escape and Mauer pled guilty. The October 17, 2006 journal entry sentencing Mauer in Case No. CR-484375 states, in part: "(Sentence to run concurrent with CR 481382). Post release control is part of this prison sentence for 3 years for the above felony(s) under R.C. 2967.28."
 {¶ 2} Mauer avers that the Bureau of Sentence Computation informed him that he must serve the period of postrelease control "consecutively to any other term he was serving and therefore, The Bureau of Sentence Computation Sentence Completion Division adjusted defendant's] prison term as the plea agreement and sentence that was imposed by the Cuyahoga Common Pleas Judge/Court was invalid[.]" Complaint, at 1.
 {¶ 3} Mauer requests that this court "command" the court of common pleas "to honor the Plea agreement and/or contrack [sic] it made with the Plaintiff * * * and release Plaintiff pursant [sic] to the original Plea agreement." Complaint, at 2.
 {¶ 4} Respondent court has filed a motion for summary judgment and argues, inter alia, that Mauer has or had an adequate remedy in the ordinary course of the law. We agree and grant the motion for summary judgment.
 {¶ 5} The fundamental criteria for issuing a writ of mandamus are well-established: "In order to be entitled to a writ of mandamus, relator must show (1) *Page 4 
that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Edn. (1977),52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel. Harris v. Rhodes (1978),54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie.
 {¶ 6} In State ex rel. Rowe v. McCown, 108 Ohio St.3d 183,2006-Ohio-548, 842 N.E.2d 51, the relator "filed a petition in the Court of Appeals for Lawrence County for a writ of mandamus to compel appellee, Lawrence County Common Pleas Court Judge Frank J. McCown, to release him from prison in accordance with a plea agreement that he claimed the state had breached." Id. at ¶ 1. Similarly, as quoted above, Mauer requests that this court compel the court of common pleas to release him in conformity with what he contends was the plea agreement. Complaint, at 2.
 {¶ 7} The Supreme Court held in Rowe, however, that "Rowe has or had `an adequate legal remedy to rectify any alleged breach of plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement.' State ex rel. Seikbert. v.Wilkinson (1994), 69 Ohio St.3d 489, 491, 1994 Ohio 39, 633 N.E.2d 1128. Rowe could also have appealed any judgment by Judge McCown denying his motion for judicial release." See also State ex rel. Duran v.Kelsey, 106 Ohio St.3d 58, 2005- *Page 5 
Ohio-3674, 831 N.E.2d 430 (affirming "a judgment dismissing a petition for writs of mandamus and prohibition to compel a trial court judge to correct a criminal sentence based on a plea agreement," Id. at ¶ 1, because — quoting the same passage of Seikbert, supra — Duran could have filed a motion to withdraw his guilty plea). Similarly, Mauer has or had an adequate remedy in the ordinary course of the law by filing a motion to withdraw his guilty plea under Crim.R. 32.1.
 {¶ 8} Mauer has also failed to provide this court with any controlling authority that he has a clear legal right to the relief which he requests or that respondent has a clear legal duty to afford him that relief. He has, therefore, failed to demonstrate that he is entitled to relief in mandamus.
 {¶ 9} Additionally, we note that the complaint has several defects. The action is not on relation of the state as required by R.C. 2731.04. Mauer also did not comply with the requirement of R.C. 2969.25 that he file an affidavit describing the actions he has filed in state and federal court during the last five years. He also failed to file an affidavit specifying the details of the claim as required by Loc.App.R. 45(B)(1)(a). Each of these defects requires dismissal of the complaint.Morris v. Bur of Sentence Computation, Cuyahoga App. No. 89517,2007-Ohio-1444. Furthermore, Mauer has not included the addresses of the parties in the caption as required by Civ.R. 10(A), which may also be a ground for dismissal. Clarke v. McFaul, Cuyahoga App. No. 89447,2007-Ohio-2520, at ¶ 5. *Page 6 
 {¶ 10} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
 FRANK D. CELEBREZZE, JR., A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1