OPINION *Page 2 
{¶ 1} Defendant-appellant Duane Coffman appeals his conviction and sentence from the Delaware County Court of Common Pleas with respect to a firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 10, 2006, the Delaware County Grand Jury indicted appellant on one count of possession of crack cocaine in violation of R.C. 2925.11 (A), a felony of the fourth degree, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree. The possession charge was accompanied by a firearm specification and a forfeiture specification.[1] At his arraignment on April 6, 2006, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Thereafter, a jury trial commenced on June 29, 2006. At the beginning of the trial, appellee moved to dismiss the weapons under disability charge without prejudice. The trial court granted such motion.
 {¶ 4} Upon completion of the State's case, the trial court overruled appellant's Crim.R. 29(A) Motion for Judgment of Acquittal.
 {¶ 5} At the conclusion of the evidence and the end of deliberations, the jury, on June 30, 2006, found appellant guilty of possession of crack cocaine and also guilty of the firearm specification. The jury further found that $637.00 in cash was subject to forfeiture. As memorialized in a Judgment Entry filed on August 7, 2006, the trial court sentenced appellant to 18 months in prison on the possession charge and to a consecutive term of one (1) year on the firearm specification. *Page 3 
 {¶ 6} Appellant now raises the following assignments of error on appeal:[2]
 {¶ 7} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL ON THE SPECIFICATION OF HAVING A FIREARM ON HIS PERSON OR UNDER HIS CONTROL MADE AT THE CLOSE OF ALL EVIDENCE.
 {¶ 8} "II. THE CONVICTION OF THE SPECIFICATION OF HAVING A FIREARM ON HIS PERSON OR UNDER HIS CONTROL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} We cannot reach the merits of appellant's arguments at this time. Upon review of the record, we find appellant's charge for having weapons while under disability in violation of R.C. 2923.13(A)(3) remains pending. Although a review of the transcript of the trial reveals the trial court orally dismissed such charge on the record prior to the commencement of trial upon appellee's motion, the trial court did not journalize this disposition. It is axiomatic in Ohio a court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 551 N.E.2d 183. *Page 4 
 {¶ 10} Because the trial court has failed to dispose of all the charges, the order appealed from is not yet a final appealable order.See, R.C. 2505.02. This Court therefore, does not have jurisdiction to consider appellant's assignments of error.
 {¶ 11} Accordingly, we must dismiss the case for lack of a final appealable order.
By: Edwards, J. Gwin, P.J. and Hoffman, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal in this matter is dismissed. Costs assessed to appellant.
[1] The forfeiture specification sought the forfeiture of $637.00 in cash.
[2] Pursuant to a Judgment Entry filed on October 30, 2006, this Court granted appellant leave to file a delayed appeal. *Page 1