JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Relator, Jeffrey Jackson, requests that this court compel respondent judge to "grant [the] motion to withdraw pleas" filed inState v. Jackson, Cuyahoga County Court of Common Pleas Case No. CR-479612 on November 5, 2007. Complaint, ad damnum clause.
 {¶ 2} Respondent has filed a motion for summary judgment, attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on November 9, 2007 in which respondent denied Jackson's motion to withdraw plea. Relator has opposed the motion for summary judgment and argues that he is entitled to relief because, inter alia, his direct appeal was dismissed for failure to file the record.State v. Jackson (Aug. 22, 2007), Cuyahoga App. No. 90188.
 {¶ 3} The fundamental criteria for issuing a writ of mandamus are well-established. "In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. ofEducation (1977), 52 Ohio St. 2d 81, 369 N.E.2d 1200." State ex rel.Harris v. Rhodes (1978), 54 Ohio St. 2d 41, 42, 374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie. *Page 4 
 {¶ 4} "Respondent argues that [relator] is unable to establish any of the three criteria. We agree. As is obvious from the portion of the complaint quoted above, [relator] requests that this court compel respondent judge to enter a specific judgment in [relator]'s favor. Mandamus may not be used to compel a judge to enter a specific judgment.State ex rel. White v. Suster, Cuyahoga App. No. 79986, 2001 Ohio 4158, at ¶ 3-4. As a consequence, we must hold that relator does not have a clear legal right to relief and respondent does not have a clear legal duty to act." State ex rel. Rashada v. Pianka, Cuyahoga App. No. 87450,2006-Ohio-2584, at ¶ 7.
 {¶ 5} Similarly, in this action, Jackson's request that this court compel respondent to grant Jackson's motion to withdraw his plea is inappropriate. Additionally, even if we construe Jackson's complaint as seeking to compel a disposition of his motion to withdraw plea, we must conclude that the action is moot because respondent denied the motion in the November 9, 2007 journal entry.
 {¶ 6} Jackson also had an adequate remedy in the ordinary course of the law by appealing the denial of his motion to withdraw plea. He did appeal that determination, but the appeal was dismissed as untimely per App.R. 4(A). See State v. Jackson (Jan. 11, 2008), Cuyahoga App. No. 90892, Entry No. 404789.[1] *Page 5 
 {¶ 7} Furthermore, the complaint is defective because Jackson "has also failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. [Relator's] failure to comply with R.C. 2969.25
warrants the dismissal of the complaint for a writ of mandamus."Morris v. Bur of Sentence Computation, Cuyahoga App. No. 89517,2007-Ohio-1444, at ¶ 3 (citations deleted). See also Mauer v. CuyahogaCty. Court of Common Pleas, Cuyahoga App. No. 89858, 2007-Ohio-3641, at ¶ 9.
 {¶ 8} Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Jackson's direct appeal from the judgment of the court of common pleas that he had violated community control sanctions and the consequent prison sentence was dismissed for failure to file the record. See State v. Jackson (Aug. 22, 2007), Cuyahoga App. No. 90188, Entry No. 400180. Jackson has not, however, sought reinstatement of Case No. 90188. We also note that the court of common pleas found in Case No. CR-479612 that Jackson was indigent at the time that court held that he had violated community control sanctions and imposed a sentence. Nevertheless, Jackson has not requested that this court appoint counsel or that this court order that the transcript be prepared at state expense. *Page 1