JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Mario Cole, the relator, has filed a complaint for a writ of mandamus or procedendo, which shall be treated solely as a complaint for a writ of mandamus. Cole seeks an order from this court, which requires Judge Eileen T. Gallagher, the respondent, to "file a judgment entry of conviction in case CR-05-468025 that comports with the requirements of Crim.R. 32(C), * * *." Judge Gallagher has filed a motion to dismiss, which we grant for the following reasons.
 {¶ 2} On September 26, 2006, this court granted Cole leave to file a delayed appeal. The appeal as perfected on behalf of Cole, however, was dismissed by this court on the basis that count three of the original indictment, which involved the offense of drug trafficking with a one year firearm specification, remained pending. In State v. Cole, Cuyahoga App. No. 88722, 2007-Ohio-3076, we held that:
 {¶ 3} "The case proceeded to a jury trial. The record reflects the jury returned a verdict of not guilty on counts one and five, and guilty on counts two and four. However, it could not reach a verdict on the third count of the indictment. The trial court declared a mistrial as to that count.
 {¶ 4} "Although the court subsequently proceeded to sentence Cole on the counts for which the jury returned guilty verdicts, it stated it would `set a trial date for the remaining count.' Thereafter, the trial court issued a journal entry noting count three was dismissed `without prejudice.' *Page 4 
 {¶ 5} "This court cannot consider Cole's appeal of his convictions until the remaining count of the indictment is resolved. State v.Bourdess (May 29, 1997), Cuyahoga App. No. 70541, later appeal (Oct. 7, 1999), Cuyahoga App. No. 74842. This court repeatedly has held that in a criminal case, a dismissal without prejudice does not constitute a final order under either R.C. 2505.02 or Crim.R. 48. Id.; Fairview Park v.Fleming (Dec. 7, 2000), Cuyahoga App. Nos. 77323, 77324; Cleveland v.Stifel (Sept 29, 1999), Cuyahoga App. No. 75761; State v. Brown, Cuyahoga App. No. 84229, 2004-Ohio-5587."[1]
 {¶ 6} On August 31, 2007, Judge Gallagher issued an order which provided that "[p]ursuant to the state's entry of dismissal, count three of the indictment, drug trafficking, along with the one-year firearm specification is hereby dismissed with prejudice." On October 26, 2007, Judge Gallagher issues another order which provided that "[m]otion for final appealable order granted. This order is nunc pro tunc as of and for 8/31/2007 to read as follows: count 3 is dismissed with prejudice. This is a final appealable order." On November 30, 2007, Cole filed his complaint for a writ of mandamus.
 {¶ 7} Initially, we find that Cole's complaint for a writ of mandamus is defective, since it is improperly captioned. Pursuant to R.C.2731.04, a complaint for a writ of mandamus must be brought in the name of the state, on relation of the *Page 5 
person applying. The failure of Cole to properly caption his complaint for a writ of mandamus warrants dismissal.[2]
 {¶ 8} In addition, a substantive review of Cole's complaint for a writ of mandamus fails to demonstrate that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Cole must affirmatively establish each prong of the following three-part test: (1) Cole possesses a clear legal right to the requested relief; (2) Judge Gallagher possesses a clear legal duty; and (3) there exists no other adequate remedy in the ordinary exercise of the law.[3] Moreover, mandamus is an extraordinary remedy which is to be exercised with great caution and only when the right is clear. Mandamus will not issue in doubtful cases.[4]
 {¶ 9} Herein, Cole has failed to present any supporting authority that he possesses a right or that Judge Gallagher possesses any legal duty which requires the inclusion of the original conviction and sentence of incarceration in either the journal entry of August 31, 2007 or October 26, 2007.[5] In determining whether there *Page 6 
exists a final appealable order for review by this court, we need only examine, in pari materia, the original journal entries of conviction, sentencing, and the disposition of count three of the indictment. See R.C. 2505.02; Crim.R. 32; Crim.R. 48.
 {¶ 10} It must also be noted that Cole possessed or still possesses an adequate remedy in the ordinary course of the law vis-a-vis an appeal. Cole could have filed an appeal with this court, following the trial court's dismissal of count three of the indictment on August 31, 2007.[6] In addition, Cole is still permitted to file a delayed appeal per App.R. 5(A) or request that the original appeal be reinstated, since count three of the indictment has been dismissed with prejudice.[7]
 {¶ 11} Accordingly, we grant Judge Gallagher's motion to dismiss. Costs to Cole. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
JAMES J. SWEENEY, A.J., and MARY EILEEN KILBANE, J., CONCUR.
[1] State v. Cole, supra, at ¶ 6.
[2] Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382; Maloney v. Court of Common Pleas of Allen Cty. (1962),173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
[3] State ex rel. National City Bank v. Bd. of Edn. (1977),52 Ohio St.2d 81, 369 N.E.2d 1200; State ex rel. Harris v. Rhodes (1978),54 Ohio St.2d 41, 374 N.E.2d 641.
[4] State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165,364 N.E.2d 1; State ex rel. Shafer v. Ohio Turnpike Com. (1953),159 Ohio St. 581, 113 N.E.2d 14; State ex rel. Connole v. Cleveland Bd. OfEdn. (1993), 87 Ohio App.3d 43, 621 N.E.2d 850.
[5] Cf. State ex rel. McGrath v. Cuyahoga Cty. Court of CommonPleas, Cuyahoga App. No. 89924, 2007-Ohio-4442; Mauer v. Cuyahoga Cty.Court of Common Pleas, Cuyahoga App. No. 89858, 2007-Ohio-3641;State ex rel. Crissman v. O'Malley, Cuyahoga App. No. 88574,2006-Ohio-4776.
[6] State ex rel. Savage v. Caltnder, 100 Ohio St.3d 363,2003-Ohio-6806, 800 N.E.2d 358.
[7] Cf. State v. Marlin, Cuyahoga App. No. 79500, 2001-Ohio-4249. *Page 1