OPINION
{¶ 1} Appellant, Thomas L. Robinson, appeals his conviction and sentence from the Canton Municipal Court for one count of telecommunications harassment. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On September 20, 2007, appellant was charged with one count of telecommunications harassment in violation of R.C. 2917.21, a first degree misdemeanor, and one count of aggravated menacing in violation of R.C. 2903.21.
 {¶ 3} On November 29, 2007, the matter proceeded to jury trial. After the presentation of evidence, the jury found appellant guilty of one count of telecommunications harassment but was unable to reach a decision on the charge of aggravated menacing. The State indicated that it did not intend to retry the appellant on the aggravated menacing charge. Appellant was sentenced to serve a forty (40) day jail sentence and pay a two hundred and fifty dollar ($250.00) fine. Appellant was credited thirty days for jail time served. Appellant's remaining sentence and fine were suspended on the condition that appellant obtain an evaluation at Trillium Family Services and follow any recommendations.
 {¶ 4} On December 11, 2007, the judgment of conviction and sentence was journalized. In the entry, the trial court stated:
 {¶ 5} "On the charge of Aggravated Menacing, the jury was unable to reach a unanimous verdict. The State has indicated no intention to retry this matter on this charge." *Page 3 
 {¶ 6} It is from this conviction and sentence that appellant now seeks to appeal setting forth the following assignments of error:
 {¶ 7} "II. THOMAS L. ROBINSON WAS DENIED HIS RIGHT TO A SPEEDY TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION.
 {¶ 8} "II. THOMAS L. ROBINSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 9} Prior to entertaining appellant's assignments of error, we must first sua sponte consider, whether appellant's appeal has been taken from a final appealable order. See State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 544, 1997-Ohio-366,684 N.E.2d 72, (observing that whether subject-matter jurisdiction properly lies may be raised sua sponte by an appellate court).
 {¶ 10} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution; see, also, Gehm v. TimberlinePost Frame, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E. 2d 519, at ¶ 13. Absent a final order, an appellate court has no jurisdiction to review a matter, Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20, 540 N.E. 2d 266 and such a matter must be dismissed.Renner's Welding *Page 4 and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64, 689 N.E. 2d 1015.
 {¶ 11} In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order. State v. Coffman, Delaware App. No. 06CAA090062, 2007-Ohio-3765. See also, State v. Goodwin, Summit App. No. 23337, 2007-Ohio-2343. In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice.State v. Cole, Cuyahoga App. No. 88722, 2007-Ohio-3076. Furthermore, although a dismissal of the hung jury charge may be contemplated on the record, unless the dismissal is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order. State v.Huntsman, Stark App. No. 1999-CA-00282, 2000WL330013, (March 13, 2000).
 {¶ 12} In the case sub judice, appellant was charged with telecommunication harassment and aggravated menacing stemming from the same series of events. The record reflects that the jury was unable to reach a verdict on the charge of aggravated menacing, and the State indicated that it did not intend to retry the appellant on the charge. However, the record does not reflect that the charge was dismissed by journal entry. It is axiomatic in Ohio that a court speaks only through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 551 N.E.2d 183. Based on the status of the record, the charge of aggravated menacing remains pending. Therefore, *Page 5 
the judgment entry appealed from is not a final, appealable order and the appeal must be dismissed. See, R.C. 2505.02; State v. Coffman, supra.
 {¶ 13} Accordingly, for the foregoing reasons, this Court lacks jurisdiction to consider appellant's assignment of error. This appeal is dismissed for lack of a final, appealable order.
 Edwards, J. Wise, P.J. and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Canton Municipal Court's December 11, 2007, Judgment Entry is dismissed for lack of a final, appealable order. Costs assessed to appellant. *Page 1