OPINION *Page 2 
{¶ 1} Appellant, Kristopher Rothe, appeals a judgment of conviction and sentence from the Fairfield County Common Pleas Court for two counts of aggravated burglary, one count each of felonious assault, resisting arrest, domestic violence and assault, and two counts of criminal damaging. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On January 4, 2008, the Fairfield County Grand Jury returned a 12-count indictment against appellant, charging him with two counts of aggravated burglary (R.C. 2911.11(A)(1) (2)), three counts of felonious assault (R.C. 2903.11(A)(1) (2)), assault of a peace officer (R.C. 2903.13(C)(3)), obstructing official business (R.C. 2921.31), domestic violence (R.C. 2919.25(A)), two counts of assault (R.C. 2903.13(A)), and two counts of criminal damaging (R.C. 2909.06(A)(1)).
 {¶ 3} The case proceeded to jury trial in the Fairfield County Court of Common Pleas. Appellant was convicted of two counts of aggravated burglary, one count of felonious assault, and one count of assault. He was also convicted of domestic violence and two counts of criminal damaging. The jury found him not guilty of obstructing official business as charged in the indictment, but guilty of the lesser included offense of resisting arrest. The court's sentencing entry states, "The jury was hung as to Count Six of the indictment and the Court declared a mistrial as to Count Six only." Nunc pro tunc Judgment Entry of Sentence, June 2, 2008. Appellant was found not guilty on the remaining charges.
 {¶ 4} The court merged the two counts of aggravated burglary, and sentenced appellant to four years incarceration on Count One of aggravated burglary. The court *Page 3 
sentenced appellant to three years incarceration for felonious assault, to be served consecutive to Count One. The court sentenced appellant to 90 days in the county jail for resisting arrest, 180 days for domestic violence, 180 days for assault, and 90 days for each count of criminal damaging, all to be served concurrent to the sentences imposed for aggravated burglary and felonious assault. Appellant assigns two errors on appeal:
 {¶ 5} "I. THE SENTENCING OF THE DEFENDANT-APPELLANT WAS UNCONSTITUTIONAL.
 {¶ 6} "II. THE IMPOSITION OF CONSECUTIVE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT WAS IMPROPER."
 {¶ 7} Before considering appellant's assignments of error, we must first determine whether appellant's appeal has been taken from a final, appealable order. See State ex rel. White v. Cuyahoga Metro. Hous.Auth. (1997), 79 Ohio St.3d 543, 544, 1997-Ohio-366 (whether subject-matter jurisdiction properly lies may be raised sua sponte by an appellate court).
 {¶ 8} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution; see, also, Gehm v. TimberlinePost Frame, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E. 2d 519, at ¶ 13. Absent a final order, an appellate court has no jurisdiction to review a matter, Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. (1989),44 Ohio St.3d 17, 20, 540 N.E.2d 266, and such a matter must be dismissed.Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 64, 689 N.E. 2d 1015. *Page 4 
 {¶ 9} In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order. State v. Robinson, Stark App. No. 2007CA00349, 2008-Ohio-5885,State v. Coffman, Delaware App. No. 06CAA090062, 2007-Ohio-3765. See also, State v. Goodwin, Summit App. No. 23337, 2007-Ohio-2343. In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice.Robinson, supra, citing State v. Cole, Cuyahoga App. No. 88722,2007-Ohio-3076. Unless a dismissal of the hung jury charge is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order. Robinson at ¶ 11, citing State v. Huntsman, Stark App. No. 1999-CA-00282, 2000WL330013 (March 13, 2000).
 {¶ 10} In the case sub judice, the record reflects that the jury was unable to reach a verdict on Count Six of the indictment which charged appellant with assault on a peace officer, and the court declared a mistrial. The charge was not dismissed, nor was appellant retried on that charge. Based on the status of the record, the charge of assault on a peace officer remains pending. Therefore, the judgment appealed from is not a final, appealable order and the appeal must be dismissed. See R.C. 2505.02; Robinson, supra. *Page 5 
 {¶ ll} Accordingly, this Court lacks jurisdiction to consider appellant's assignments of error. This appeal is dismissed for lack of a final, appealable order.
Edwards, J., Farmer, P.J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Fairfield County Court of Common Pleas is dismissed. Costs assessed to appellant. *Page 1