[Cite as *State v. Sherman*, 2011-Ohio-5794.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                         :       JUDGES:
                                      :
                                      :       Hon.  W. Scott Gwin, P.J.
            Plaintiff-Appellee        :       Hon.  Julie A. Edwards, J.
                                      :       Hon.  Patricia A. Delaney, J.
v.                                    :
                                      :       Case No. 2011-CA-0012
PATRICK R. SHERMAN                    :
                                      :
                                      :
            Defendant-Appellant       :       O P I N I O N



CHARACTER OF PROCEEDING:              Appeal from the Richland County Court of
                                      Common Pleas Case No. 2009-CR-28H



JUDGMENT:                             DISMISSED

DATE OF JUDGMENT ENTRY:               November 7, 2011


APPEARANCES:

   For Plaintiff-Appellee:                    For Defendant-Appellant:

   DANIEL J. BENOIT                           RANDALL E. FRY
   Assistant Richland County Prosecutor       10 West Newlon Place
   38 South Park Street                       Mansfield, Ohio  44902
   Mansfield, Ohio  44902

*Delaney, J.*

{¶ 1}   On January 7, 2009, appellant was indicted by the Richland County Grand Jury on one count of having weapons while under disability, a felony of the third degree, with a firearm specification (Count 1); one count of carrying a concealed weapon, a felony of the fourth degree (Count 2); one count of improper handling of a firearm in a motor vehicle, a felony of the fourth degree (Count 3); two counts of trafficking in drugs, felonies of the second and third degree, with forfeiture specifications for $1,255.00 in cash (Counts 4 and 5), and two counts of possession of drugs, felonies of the second and fourth degrees, with specifications for $1,255.00 in cash (Counts 6 and 7).

{¶ 2}   Appellant initially entered into a plea agreement with the State, but this Court found the plea was not entered knowingly or intelligently and the trial court erred in accepting the plea.  *State v. Sherman*, 5th Dist. No. 2009-CA-132, 2010-Ohio-3959. The matter was remanded to the trial court.

{¶ 3}   Following a jury trial, appellant was found guilty on Counts 1, 2, 3, 6 and 7. The jury hung on Counts 4 and 5.  A sentencing hearing was held on January 21, 2011.  At that time, the State indicated it would retry appellant on Counts 4 and 5.  The same day, appellant filed his notice of appeal.

{¶ 4}   Appellant raises three Assignments of Error:

{¶ 5}   "I. THE TRIAL COURT ERRED IMPOSING FINES AS PART OF THE DEFENDANT-APPELLANT'S SENTENCE WITHOUT CONSIDERING THE DEFENDANT-APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY THE FINES.

{¶ 6} "II. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT-APPELLANT'S REQUEST TO DISCHARGE HIM FOR VIOLATING HIS SPEEDY TRIAL RIGHTS PURSUANT TO OHIO REVISED CODE SECTION 2945.71 AND OHIO REVISED CODE SECTION 2945.73

{¶ 7} "III. THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S PREJUDICE BY OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.

{¶ 8} Before considering appellant's assignments of error, we must first determine whether appellant's appeal has been taken from a final, appealable order. See, *State ex rel. White v. Cuyahoga Metro. Housing Auth.*, 79 Ohio St.3d 543, 544, 1991-Ohio-366 (whether subject matter jurisdiction properly lies may be raised sua sponte by an appellate court).

{¶ 9} "Appellate courts have jurisdiction to review the final orders or judgments of lower courts within their appellate districts." Section 3(B)(2), Article IV, Ohio Constitution. Absent a final order, an appellate court has no jurisdiction to review a matter and such matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266; *Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corp.* (1996), 117 Ohio App.3d 61, 64, 689 N.E.2d 1015.

{¶ 10} This Court has consistently held that in a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order. *State v. Rothe*, 5th Dist. No. 2008 CA 00044, 2009-Ohio 1852; *State v. Robinson*, 5th Dist. No. 2008-Ohio-5885; *State v. Huntsman* (March 13, 2000), 5th Dist. No. 1999-CA-00282.

{¶ 11} In *Robinson*, supra at ¶ 11, we stated:

{¶ 12} "In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice. *State v. Cole*, Cuyahoga App. No. 88722, 2007-Ohio-3076. Furthermore, although a dismissal of the hung jury charge may be contemplated on the record, unless the dismissal is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order", citing *Huntsman,* supra.

{¶ 13} In this case, the record reflects the jury was unable to reach a verdict on the drug trafficking charges (Counts 4 and 5), and the State indicated it intended to retry the appellant on the charges. The record reflects that the drug trafficking charges have not been dismissed and the State has asked the trial court to schedule the charges for trial. Therefore, the judgment entry appealed from is not a final, appealable order and the appeal must dismissed. See also, *State v. Clay*, 11th Dist. No. 2009-T-0126, 2010-Ohio-4558; *State v. Sanchez*, 2nd Dist. No. 2006-CA-154, 2009-Ohio-813.

{¶ 14} Accordingly, the appeal is dismissed for lack of a final, appealable order.

By: Delaney, J.

Gwin, P.J. and

Edwards, J. concur.

_____
PATRICIA A. DELANEY


_____
W. SCOTT GWIN


_____
JULIE A. EDWARDS

[Cite as *State v. Sherman*, 2011-Ohio-5794.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| PATRICK R. SHERMAN | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2011-CA-0012 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed. Costs assessed to appellant.

_____
PATRICIA A. DELANEY

_____
W. SCOTT GWIN

_____
JULIE A. EDWARDS