[Cite as *State v. Purdin*, 2012-Ohio-752.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

State of Ohio,                                   :

    Plaintiff-Appellee,                     :

                                                :        Case No. 11CA909

    v.                                          :

                                                :        DECISION AND

Rocky Purdin,                                   :        JUDGMENT ENTRY

                                                :

    Defendant-Appellant.                    :        Filed:  February 23, 2012

_____

APPEARANCES:

Timothy Young, State Public Defender, and Craig M. Jaquith, Assistant State Public Defender, Columbus, Ohio, for Appellant.

C. David Kelley, Adams County Prosecutor, and Mark R. Weaver, Adams County Assistant Prosecutor, West Union, Ohio, for Appellee.

_____

Kline, J.:

{¶1} Rocky Purdin appeals the judgment of the Adams County Court of Common Pleas, which convicted him of murder.  Purdin asserts four assignments of error.  But, because there is no final appealable order in this case, we lack jurisdiction to consider the merits of Purdin's appeal.  Accordingly, we dismiss this appeal.

I.

{¶2} On December 5, 2010, Purdin shot and killed his stepson, William Stunich, during an altercation.  The grand jury issued a three-count indictment against Purdin. The case went to trial, and Purdin faced the following counts: Count I, murder, in violation of R.C. 2903.02(A); Count II, felony murder, in violation of R.C. 2903.02(B); and Count III, reckless homicide, in violation of R.C. 2903.041(A).

{¶3} Purdin admitted that he shot Stunich.  Purdin, however, claimed that he did so in self-defense.  The jury began deliberating on a Friday evening, and it continued deliberating until the early morning hours of the following Saturday.  Eventually, the jury informed the trial court that it had reached verdicts on Counts II and III, but the jury could not reach a verdict on Count I.  The jury found Purdin guilty of Count II (felony murder) and guilty of Count III (reckless homicide).  And because the jury was deadlocked, the trial court declared a mistrial for Count I.

{¶4} The trial court merged Counts II and III and sentenced Purdin to fifteen years to life for felony murder.  The trial court also imposed a three-year sentence, based on a firearm specification, to be served consecutively to Purdin's felony-murder sentence.  Thus, Purdin's aggregate prison sentence is eighteen years to life.

{¶5} Purdin appeals and asserts the following assignments of error: I. "Jury deliberations that commenced at 9:00 p.m. on a Friday night and ended after 3:30 a.m. the following Saturday morning violated Mr. Purdin's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and by Sections 10 and 16, Article I of the Ohio Constitution."  II. "Prosecutorial misconduct deprived Mr. Purdin of his constitutionally guaranteed right to a fair trial, in violation of the Fifth and Fourteenth Amendments, to the United States Constitution and Section 10, Article I of the Ohio Constitution."  III. "Mr. Purdin's convictions are against the manifest weight of the evidence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."  And, IV. "The trial court erred in its instructions to the jury on the law of self-defense in a case in which the defendant was assaulted in his own home, and thereby deprived Mr. Purdin of his right

to a fair trial before a properly instructed jury, and his right to due process of law, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution."

II.

{¶6} Before we may consider the merits of Purdin's appeal, we must determine whether the trial court's judgment entry is a final appealable order. "A court of appeals has no jurisdiction over orders that are not final and appealable." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶6, citing Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.02. "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal." *State v. Darget*, Scioto App. No. 09CA3306, 2010-Ohio-3541, at ¶4, citing *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11. "If the parties do not raise the jurisdictional issue, we must raise it sua sponte." *Darget* at ¶4, citing *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655; see, also, *Whitaker-Merrell v. Geupel Co.* (1972), 29 Ohio St.2d 184, 186.

{¶7} "In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order." *State v. Rothe*, Fairfield App. No. 2008 CA 44, 2009-Ohio-1852, at ¶9, citing *State v. Robinson*, Stark App. No. 2007CA349, 2008-Ohio-5885; *State v. Coffman*, Delaware App. No. 06CAA90062, 2007-Ohio-3765. "In the case of a hung jury, jeopardy does not terminate when a hung jury is discharged, rather the case against the defendant remains pending until the remaining charge is either retried and/or dismissed with prejudice." *Rothe* at ¶9, citing *Robinson* at ¶11, in turn citing *State v. Cole*, Cuyahoga

App. No. 88722, 2007-Ohio-3076. "Unless a dismissal of the hung jury charge is documented by a signed journal entry which is filed with the court, the order of the trial court remains interlocutory and is not a final, appealable order." *Rothe* at ¶9, citing *Robinson* at ¶11, in turn citing *State v. Huntsman* (Mar. 13, 2000), Stark App. No.1999-CA-282.

{¶8} Here, as stated above, the trial court declared a mistrial on Count I because the jury was deadlocked. In a March 14, 2011 judgment entry, the trial court stated that "the jury advised the Court that [it was] unable to reach a unanimous decision as relates to Count I." The judgment entry also states that "the Court hereby declares a mistrial in this matter solely to Count I of the indictment." The March 14, 2011 Entry did not, however, dismiss Count I against Purdin.

{¶9} On March 18, 2011, the trial court filed a "Judgment Entry on Sentence," and, on April 4, 2011, the trial court filed an "Amended Judgment Entry on Sentence for Purposes of Restitution." The April 4, 2011 Amended Entry (1) imposes Purdin's prison sentence on Counts II and III and (2) orders restitution to various individuals and entities to cover the victim's funeral expenses. The Amended Entry does not reference Count I. (The March 18, 2011 Entry does not reference Count I either.)

{¶10} The record indicates that Count I against Purdin has neither been dismissed nor retried. Consequently, Count I remains pending against Purdin. Therefore, there is no final appealable order in this case, and we lack jurisdiction to consider the merits of Purdin's appeal. See *Rothe* at ¶10 ("[T]he record reflects that the jury was unable to reach a verdict on Count Six of the indictment which charged appellant with assault on a peace officer, and the court declared a mistrial. The charge

was not dismissed, nor was appellant retried on that charge. Based on the status of the record, the charge of assault on a peace officer remains pending. Therefore, the judgment appealed from is not a final, appealable order and the appeal must be dismissed.").

{¶11} Accordingly, we dismiss Purdin's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED. Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY:_____
        Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**