[Cite as *State v. Jones*, 2012-Ohio-3169.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No: 11CA3456 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| CARLOS JONES, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: July 9, 2012 |

_____

APPEARANCES:

John A. Bay, Bay Law Office L.L.C., Columbus, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

Kline, J.:

{¶1} Carlos Jones (hereinafter "Jones") appeals the judgment of the Scioto County Court of Common Pleas. The trial court sentenced Jones to nine years in prison after he pled guilty to two felonies. On appeal, Jones raises several arguments about the proceedings below. We will not, however, address these arguments. Instead, we find that no final appealable order exists because the trial court did not resolve all of the counts against Jones. Accordingly, we dismiss this appeal for lack of jurisdiction.

I.

{¶2} On May 26, 2010, a Scioto County Grand Jury returned an eight-count indictment against Jones. Eventually, Jones pled guilty to Count 2, trafficking in drugs,

and Count 4, having weapons while under disability.  The trial court then sentenced Jones accordingly.

{¶3}    Jones appeals several issues from the proceedings below.  To that end, he asserts the following assignments of error: I. "The trial court erred and abused its discretion by denying Mr. Jones['s] presentence motion to withdraw his guilty plea (June 30, 2011 Transcript, pp. 4-5)."  II. "The trial court erred by imposing court costs without notifying Mr. Jones that his failure to pay such costs may result in the court ordering him to perform community service.  (June 30, 2011 Sentencing Hearing Transcript, p. 10; June 30, 2011 Judgment Entry)."  And III. "The trial court committed plain error and denied Mr. Jones due process of law when it imposed court costs without the proper notification that his failure to pay court costs may result in the court ordering him to perform community service.  Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; R.C. 2947.23; Crim.R. 52(B). (June 30, 2011 Sentencing Hearing Transcript, p. 10; June 30, 2011 Judgment Entry.)"

II.

{¶4}    Before we may consider the merits of Jones's appeal, we must determine whether a final appealable order exists.  "A court of appeals has no jurisdiction over orders that are not final and appealable."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 6, citing Ohio Constitution, Article IV, Section 3(B)(2); *see also* R.C. 2505.02.  "If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal."  *State v. Darget*, 4th Dist. No. 09CA3306, 2010-Ohio-3541, ¶ 4.  Moreover, "[i]f the parties do not raise the

jurisdictional issue, we must raise it sua sponte."  *Id.* at ¶ 4; *Whitaker-Merrell v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶5}**  "'In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order.'"  *State v. Purdin*, 4th Dist. No. 11CA909, 2012-Ohio-752, ¶ 7, quoting *State v. Rothe*, 5th Dist. No. 2008 CA 44, 2009-Ohio-1852, ¶ 9.  Here, the grand jury returned an eight-count indictment against Jones, but the trial court resolved just two of the counts -- Counts 2 and 4.  The trial court's judgment of conviction does not reference Counts 1, 3, 5, 6, 7, or 8, and the trial court did not dismiss any of these counts in a separate journal entry.  *See State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, ¶ 6.  Furthermore, the record does not reveal that the remaining counts have been resolved.  *See State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, ¶ 7; *Marcum* at ¶ 19 (Kline, J., dissenting).  Therefore, six counts are still pending against Jones, and no final appealable order exists.  *See State v. Locke*, 4th Dist. No. 11CA3409, 2011-Ohio-5596, ¶ 5-6.

**{¶6}**  In conclusion, we find no final appealable order in the present case.  As a result, we must dismiss Jones's appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J., and McFarland, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
        Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**