[Cite as *State v. Saunders*, 2017-Ohio-901.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | Case Nos. | 16CA3728 |
| | : | | 16CA3729 |
| Plaintiff-Appellee, | : | | |
| | : | | |
| vs. | : | DECISION AND JUDGMENT | |
| | : | ENTRY | |
| JEROME SAUNDERS, | : | | |
| | : | | |
| Defendant-Appellant. | : | **Released: 03/13/17** | |

_____

APPEARANCES:

Jerome Saunders, Nelsonville, Ohio, Pro Se Appellant.

Robert Shawn Stratton, Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Jerome Saunders appeals his convictions and sentences for possession of cocaine and tampering with evidence in the Scioto County Court of Common Pleas. Appellant's counsel has advised the Court that he has reviewed the record and can find no meritorious claim for appeal. As a result, Appellant's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Although counsel suggests that no arguable, non-frivolous issues of reversible error exist, he does set

forth one potential assignment of error as to whether the trial court erred in denying Appellant's motion to suppress. Appellant has also filed a pro se brief raising one assignment error, which contends that the trial court's denial of his motion to suppress was contrary to law as there was no reasonable, articulable suspicion to stop his vehicle.

{¶2} Having reviewed the record, we find the trial court failed to dispose of the first count of the indictment charging Appellant with trafficking in cocaine, resulting in the lack of a final appealable order for us to review. Accordingly, we dismiss the appeal.

FACTS

{¶3} On September 16, 2014, Appellant, Jerome Saunders, was indicted in Scioto County, Ohio, for one count of trafficking in cocaine, a felony of the first degree in violation of R.C. 2925.03(A)(2) and (C)(4)(f), one count of possession of cocaine, a felony of the first degree in violation of R.C. 2925.11(A) and (C)(4)(e), and one count of tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1) and (B). The trial court found Appellant guilty on counts two and three, sentenced Appellant to agreed consecutive sentences totaling seven years, yet failed to address count one for trafficking in cocaine. Based upon the record before us, which does not include transcripts of the hearings held

below, it does not appear the State moved to dismiss count one at any stage

of the proceeding.

POTENTIAL ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED IN DENYING APPELLANT
       SAUNDERS' MOTION TO SUPPRESS."

PRO SE ASSIGNMENT OF ERROR

"I.    THERE WAS NO REASONABLE ARTICULABLE SUSPICION
       TO STOP APPELLANT'S VEHICLE AND THEREFORE THE
       TRIAL COURT'S DECISION TO OVERRULE APPELLANT'S
       MOTION TO SUPPRESS WAS CONTRARY TO LAW."

*ANDERS*

{¶4} In this case, appellate counsel filed an *Anders* brief and a motion

for leave to withdraw.  In *State v. Lester*, 4th Dist. Vinton No. 12CA689,

2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders* requirements:

> "In *Anders*, the United States Supreme Court held that if
> counsel determines after a conscientious examination of the
> record that the case is wholly frivolous, counsel should so
> advise the court and request permission to withdraw. Counsel
> must accompany the request with a brief identifying anything in
> the record that could arguably support the appeal. *Anders* at
> 744. The client should be furnished with a copy of the brief and
> given time to raise any matters the client chooses. *Id.* Once
> these requirements are met, we must fully examine the
> proceedings below to determine if an arguably meritorious
> issue exists. *Id*. If so, we must appoint new counsel and decide
> the merits of the appeal. *Id*. If we find the appeal frivolous, we
> may grant the request to withdraw and dismiss the appeal
> without violating federal constitutional requirements or may
> proceed to a decision on the merits if state law so requires." *Id.*

LEGAL ANALYSIS

{¶5} "Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district." *Portco, Inc. v. Eye Specialists, Inc.*, 173 Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, ¶ 8 (4th Dist.); citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.02. "In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order." *State v. Robinson*, 5th Dist. Stark No. 2007 CA 00349, 2008-Ohio-5885, ¶ 11-12; citing *State v. Coffman*, 5th Dist. Delaware No. 06CAA090062, 2007-Ohio-3765 and *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343. Such an interlocutory order is not subject to appellate review. *State v. Smith*, 4th Dist. Highland No. 10CA13, 2011-Ohio-1659, ¶ 5.

{¶6} Here, there is nothing in the record before us that indicates the trial court disposed of count one. As the record is devoid of any disposition as to count one, it remains pending. Thus, the trial court's judgment entry finding Appellant guilty of counts two and three and sentencing him to prison is not a final appealable order. Accordingly we have no jurisdiction to review Appellant's potential or pro se assignments of error and we dismiss the instant appeal. *State v. Grube*, 4th Dist. Gallia No. 10CA16, 2012-Ohio-2180, ¶ 6.

**APPEAL DISMISSED.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**