[Cite as *State v. Saunders*, 2018-Ohio-1127.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 17CA3804 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JEROME SAUNDERS, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 03/22/18** |

_____
APPEARANCES:

Jerome Saunders, Nelsonville, Ohio, Pro Se Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Jerome Saunders purports to appeal his convictions and sentences for possession of cocaine and tampering with evidence, after a prior dismissal of his initial direct appeal for lack of a final appealable order. However, the judgment entries from which Appellant actually appeals, which are attached to his notice of appeal, consist of 1) a judgment entry clarifying that a dismissal entry had previously been filed dismissing the unresolved counts of the indictment; and 2) a judgment entry denying Appellant's motion to withdraw his plea. On appeal, Appellant contends

that there was no reasonable, articulable suspicion to stop his vehicle and therefore the trial court's decision to overrule his motion to suppress was contrary to law. Because Appellant filed his notice of appeal outside the time frame specified in App.R. 4(A) and further failed to appeal from the correct judgment entry, we lack jurisdiction to consider the portion of the appeal which challenges Appellant's convictions and the denial of his motion to suppress. Thus, this portion of the appeal is dismissed. Further, although Appellant also appeals from the denial of his motion to withdraw his pleas, he makes no argument on appeal related to the denial of this motion. Thus, this portion of the appeal is overruled and the decision of the trial court denying Appellant's motion to withdraw his guilty plea is affirmed. Accordingly, Appellant's appeal is dismissed in part and affirmed in part.

FACTS

{¶2} As set forth in our previous review of this matter, on September 16, 2014, Appellant was indicted in Scioto County, Ohio, for one count of trafficking in cocaine, a felony of the first degree in violation of R.C. 2925.03(A)(2) and (C)(4)(f), one count of possession of cocaine, a felony of the first degree in violation of R.C. 2925.11(A) and (C)(4)(e), and one count of tampering with evidence, a felony of the third degree in violation of R.C.

2921.12(A)(1) and (B). The trial court found Appellant guilty on counts two and three and sentenced him to agreed consecutive sentences totaling seven years by judgment entry dated December 9, 2015. Upon review during Appellant's first appeal of this matter, we determined that the record before us was devoid of any disposition as to count one (trafficking in cocaine), and thus the count remained pending. *State v. Saunders*, 4th Dist. Scioto Nos. 16CA3728 and 16CA3729, 2017-Ohio-901, ¶ 6. Accordingly, we held that the order appealed from was not final and appealable, that we lacked jurisdiction to review it, and dismissed it on March 13, 2017. *Id.*

{¶3} Thereafter, on March 16, 2017, a "Notice of Dismissal Count 1 of the Indictment Only" was filed by the State and signed by the trial court judge. The Notice provided as follows:

> "This day came the Prosecuting Attorney, on behalf of the State of Ohio, pursuant to Rule 48(A), Ohio Rules of Criminal Procedure, and in open court, for good cause shown, with leave of Court, and entered a dismissal without prejudice in the above captioned case as to Count 1 of the Indictment, Title: Trafficking in Drugs/Cocaine, Section 2925.03(A)(2)&(C)(4)(F), a felony of the first degree."

Nothing else was filed in the case below until April 28, 2017, when Appellant filed a pleading entitled "Motion to Withdraw Guilty Plea On Remand for Sentencing To Comply With Findings Of The Fourth Appellate District." Appellant also filed "Defendant's Submission of Law Prior to

Resentencing" the same day. Thereafter, on June 7, 2017, Appellant filed another pleading entitled "Motion to Clarify the Position Of The Court On Remand By The Appellate Court[.]"

{¶4} In response to the foregoing, the trial court issued two judgment entries on June 26, 2017. The first judgment entry was in response to Appellant's motion to clarify and stated as follows, in pertinent part:

> "The Court finds that a dismissal entry was filed to dismiss the unresolved counts of the Indictment. This Court believes this dismissal is in compliance with the directions of the Fourth District Court of Appeals."

The second judgment entry denied Appellant's motion to withdraw his plea. It is from these two judgment entries filed on June 26, 2017 that Appellant now brings his appeal, setting forth one assignment of error for our review

ASSIGNMENT OF ERROR

"I.  THERE WAS NO REASONABLE ARTICULABLE SUSPICION TO STOP APPELLANT'S VEHICLE AND THEREFORE THE TRIAL COURT'S DECISION TO OVERRULE APPELLANT'S MOTION TO SUPPRESS WAS CONTRARY TO LAW."

LEGAL ANALYSIS

{¶5} In his sole assignment of error, Appellant challenges the initial stop of his vehicle and argues that the trial court erred in denying his motion to suppress. However, Appellant does not appeal from the judgment entry convicting and sentencing him, which was filed on December 9, 2015,

which this Court previously determined failed to constitute a final appealable order due to the trial court's failure to dispose of count one of the original indictment. Instead, attached to his notice of appeal are two judgment entries that were filed after his first appeal was dismissed. The judgment entries appealed from are described as follows: 1) a judgment entry dated June 26, 2017 clarifying that a dismissal entry had previously been filed on March 16, 2017, dismissing the unresolved count of the indictment; and 2) a judgment entry dated June 26, 2017 denying Appellant's motion to withdraw his plea. Thus, although Appellant's argument on appeal challenges his underlying conviction, he has not appealed from the correct judgment entry. Further, although he technically appeals from the trial court's denial of his motion to withdraw his plea, none of the arguments he raises on appeal relate to the denial of that motion.

{¶6} As indicated above, we previously dismissed Appellant's first, direct appeal of this matter on March 13, 2017, for lack of a final appealable order due to the fact that the trial court had failed to resolve count one of the indictment and it thus remained pending. *State v. Saunders, supra.* As further indicated above, subsequent to our dismissal, the State voluntarily dismissed the sole remaining count, which was permitted by the trial court by entry dated March 16, 2017. The State contends that Appellant had thirty

days from the time the trial court disposed of the pending count on March 16, 2017, in which to appeal, and that because Appellant did not appeal within that time frame and did not seek leave to file a delayed appeal, his appeal should be dismissed.  Based upon the following, we agree with the State.

{¶7} In *State v. Brown*, 2016-Ohio-553, 59 N.E.3d 532 (4th Dist.) we were recently faced with a related, but not identical, question involving whether the State's post-appeal dismissal of a remaining count in an indictment constituted a final appealable order.  We ultimately held that it did not, reasoning as follows at ¶ 7:

> "Crim.R. 48(A) provides that the 'state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate.' The dismissal of an indictment is not generally a final appealable order because it does not affect a substantial right for purposes of R.C. 2505.02. *See State v. Williams*, 9th Dist. Summit No. 25384, 2011-Ohio-6412, 2011 WL 6211578, at ¶ 11; *State v. McWilliams*, 8th Dist. Cuyahoga No. 68571, 1995 WL 386981 (Jun. 29, 1995). The effect of a dismissal is to return a defendant to the 'same position [he] occupied prior to initiation of the charges.' *McWilliams, supra; also see State v. Wooldrige*, 9th Dist. Summit No. 21255, 2003-Ohio-1481, 2003 WL 1524691, at ¶ 7. Here, the dismissal put appellant in the position that he would have been had the only charges brought against him been the charges for which he ultimately pled guilty. In short, the 2014 dismissal is not a final, appealable order in and of itself, *but the dismissal of dangling, unresolved counts did render the 1997 sentencing entry final and appealable*."  (Emphasis added).

Although we weren't addressing the exact same question in *Brown* as we face here, we nevertheless find it instructive.

{¶8} Based upon the reasoning of *Brown*, we conclude that the State's post-appeal dismissal of count one of the indictment on March 16, 2017 rendered the December 9, 2015 sentencing entry final and appealable.  Thus, Appellant had thirty days from March 16, 2017 to file his appeal from that original judgment entry.  "The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal." *State v. Kaiser*, 4th Dist. Lawrence No. 10CA1, 2010–Ohio–4616, ¶ 12; citing *State v. Thacker*, 4th Dist. Lawrence No. 02CA35, 2002–Ohio–7443, ¶ 3; citing *Ross v. Harden*, 8 Ohio App.3d 34, 455 N.E.2d 1313 (10th Dist.1982).  "If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal.  The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review." *Hughes v. A & A Auto Sales, Inc.*, 4th Dist. Lawrence No. 08CA35, 2009–Ohio–2278, ¶ 7. *See also State v. Cremeens*, 4th Dist. Vinton No. 06CA646, 2006–Ohio–7092, ¶ 6; *Thacker* at ¶ 3; *State v. Sides*, 11th Dist. Lake No. 2008–L–145, 2008–Ohio–6058, ¶ 6; *State v. Sturkey*, 5th Dist. Muskingum No. CT2006–0087, 2007–Ohio–5701, ¶ 21.

{¶9} Instead of filing an appeal after the trial court's March 16, 2017 entry journalizing the State's voluntary dismissal of the still-pending, or hanging count, was filed, Appellant waited and filed an appeal from the trial court's June 26, 2017 judgment entry clarifying that a dismissal entry had already been filed. This occurred well beyond the thirty-day filing limit after Appellant's sentencing entry had been rendered final and appealable. Having failed to appeal within the thirty-day timeframe and having also failed to request leave from this Court to file a delayed appeal under App.R. 5(A), this portion of Appellant's appeal is untimely and we do not have jurisdiction to address it. Accordingly, this portion of Appellant's appeal is dismissed.

{¶10} We further note, at this juncture, that Appellant also purports to appeal from the trial court's June 26, 2017 judgment entry denying his motion to withdraw his pleas. While this particular judgment entry constitutes a final appealable order, Appellant makes no argument on appeal regarding the trial court's denial of this motion. *State v. Damron*, 4th Dist. Scioto No. 10CA3375, 2011-Ohio-165, ¶ 7 ("* * * a trial court's order denying a post-sentence Crim.R. 32.1 motion to withdraw a plea constitutes a final appealable order.") (internal citations omitted). Accordingly, this

portion of Appellant's appeal is overruled and the trial court's judgment entry denying Appellant's motion to withdraw his pleas is affirmed.

**APPEAL DISMISSED IN PART AND AFFIRMED IN PART.**

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED IN PART AND AFFIRMED IN PART and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**