[Cite as *State v. Perin*, 2019-Ohio-4817.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 18CA20 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| NEIL PERIN, | : | |
| Defendant-Appellant. | : | **RELEASED 11/14/2019** |

_____

APPEARANCES:

Alex F. Kochanowski, for appellant.

Lisa A. Eliason, Athens City Law Director, and Jessica L. Branner, Athens City Prosecutor, for appellee.

_____

Hess, J.

{¶1} Neil Perin pleaded guilty to one count of domestic violence, a first-degree misdemeanor. In a March 6, 2018 journal entry, the court found him guilty, sentenced him to a jail term of 180 days and a fine of $1,000, and suspended the jail term and $900 of the fine subject to conditions. In a May 9, 2018 journal entry, the court imposed the 180-day suspended sentence. Perin now appeals from these entries.

{¶2} Perin contends that his guilty plea was not knowing, intelligent, or voluntary because the trial court failed to engage in a colloquy with him to inform him of the consequences of the plea and the constitutional rights he would waive by pleading guilty. Because Perin pleaded guilty to a petty offense, Crim.R. 11(E) required only that the court inform Perin of the effect of the guilty plea, i.e., that it is a complete admission

of guilt. The record reflects that the court provided Perin with the required information. Accordingly, we reject this argument.

{¶3}    Next, Perin asserts that the prosecutor made unsubstantiated statements to his wife about him being unfaithful and to the court about him violating a no contact order to coerce his guilty plea. The record contains no evidence the prosecutor made unsubstantiated statements to Perin's wife about infidelity. Moreover, the prosecutor made the statement about the violation of the no contact order after Perin entered his guilty plea, so it could not have impacted his plea. Therefore, we reject this argument.

{¶4}    Perin also maintains that trial counsel provided ineffective assistance when counsel failed to object to a deficient plea colloquy, failed to advise him about his constitutional rights and the consequences of the guilty plea, and failed to present potential evidence of prosecutorial misconduct. As a result, Perin contends that his plea was not knowing, intelligent, or voluntary. Because the trial court complied with Crim.R. 11(E), any objection to the plea colloquy would have been futile. The fact that the record does not reflect whether counsel explained certain matters to Perin does not show counsel failed to do so. Moreover, Perin's speculation that counsel could have introduced evidence to establish prosecutorial misconduct is insufficient to establish the prejudice component of an ineffective assistance claim. Thus, we reject this argument.

{¶5}    Finally, Perin argues that the trial court erred when it denied his first post-sentence motion to withdraw his guilty plea. However, Perin did not file a timely notice of appeal from the June 25, 2018 final, appealable order that denied the motion. Therefore, we lack jurisdiction to consider this claim, dismiss it, and affirm the judgments from which he did appeal.

## I.  FACTS AND PROCEDURAL HISTORY

{¶6}    Perin and his family lost their home in a fire and began to live intermittently in a hotel.  On February 2, 2018, a hotel employee received a voicemail from Perin's wife which appeared to record an incident in which Perin had physically harmed her.  An officer spoke to Perin's wife and purportedly observed that she had physical injuries.  Perin was charged via complaint with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor.  Prior to Perin's video arraignment, a Southeastern Ohio Regional Jail employee played a video for Perin and other inmates awaiting arraignment in which the trial court judge explained the pleas of guilty, not guilty, and no contest.  Relevant here, the judge stated that "a plea of guilty means you admit the charge.  If you enter a plea of guilty, you're doing away with the need for any proof in your case as the plea is a complete admission of guilt."  Perin pleaded not guilty.

{¶7}    Regarding the issue of bond, Perin acknowledged he had been charged with domestic violence in the past but asserted the charges had been dropped "because they were not true."  He asked the court to consider the fact that his wife had "denied the charges," had denied any fear of harm, and wanted him to be released.  Perin also asked the court to consider that he needed to handle the home insurance claim, perform duties on the couple's farm, assist with the operation of their food truck, and help care for their three young children.  Perin's wife told the court she agreed "with everything" Perin had said.  The court set bond and ordered that Perin have no contact with his wife.  Perin and his wife later requested removal of the no contact order

emphasizing the hardship it had caused, particularly regarding their finances.  The trial court rejected these requests due to safety concerns.

{¶8}    During the second pre-trial hearing, Perin changed his plea.  Defense counsel stated:

> At this time, Mr. Perin would enter a guilty plea to the domestic violence. It has been noted on the record several times that Ms. Perin did not report this, she claimed that nothing happened, there was an argument between the two but that it wasn't—there wasn't any violence in that situation. Based upon more information, though, it seems like it is necessary at this time to go ahead and plea to the charge.  We would ask that you follow the joint agreement of the parties in the case, your honor.

The court asked Perin, "[D]o you wish to enter a plea of guilty to the domestic violence charge?"  He said, "Yes."  The court then asked whether Perin wanted to say anything else before it moved on to sentencing, but he did not.  The trial court accepted the plea, found Perin guilty, and imposed a sentence of 180 days in jail and a $1,000 fine.  The court suspended the jail term and $900 of the fine on the conditions that Perin not violate the law for two years, complete a Domestic Violence Intervention Program, and provide proof of the disposition of firearms from the house fire within thirty days. The court memorialized its decision via journal entry on March 6, 2018.

{¶9}    In April 2018, the state moved to impose the suspended sentence asserting Perin failed to remain a law-abiding citizen because he had been charged with felony abduction and domestic violence offenses, failed to comply with the Domestic Violence Intervention Program assessment, and failed to provide proof of the disposition of firearms.  On May 9, 2018, the court issued a journal entry which stated that Perin had stipulated to the motion to impose and that the court imposed the 180-day suspended sentence with credit for time served.

{¶10} On June 20, 2018, Perin filed a "Notice of Withdrawl [sic]" stating that he "gives notice of his withdrawl [sic] of guilty pleas for both the Domestic Violence and failure to Remain a Law Abiding citizen." The court treated the notice as a motion to withdraw a plea and denied it on June 25, 2018, for "failure to state grounds." Perin then filed a second motion to withdraw which stated grounds for the motion. Before the court ruled on that motion, Perin filed a notice of appeal from the March 6, 2018 entry and the May 9, 2018 entry. We dismissed the appeal as untimely but later granted Perin's motion for reconsideration and request for delayed appeal.[1]

## II.  ASSIGNMENTS OF ERROR

{¶11} Perin presents four assignments of error:

I.  The Trial Court Erred When it Failed to Provide Appellant with A Plea Colloquy, Therefore, Failing to Inform Appellant of the Consequences of His Plea and The Constitutional Rights Appellant was Waiving, Thus, Appellant's Plea Was Not Knowingly, Voluntarily, and Intelligently Entered.

II.  The Trial Court Erred in Denying Appellant's Motion to Withdraw his Guilty Plea, Which Was Entered into Unknowingly, Involuntarily, and Unintelligently under the Sixth and Fourteenth Amendments of the Ohio and United States Constitutions.

III.  Appellant Received Ineffective Assistance of Counsel In Violation of his Sixth and Fourteenth Amendment Rights Under the Ohio and United States Constitutions, Resulting In An Unintelligent and Unknowing Plea.

---

[1] It appears that Perin may have completed his sentence and paid his fine. The Supreme Court of Ohio has held: "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus. This holding is limited to misdemeanor convictions. *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 19, citing *State v. Golston*, 71 Ohio St.3d 224, 227, 643 N.E.2d 109 (1994). The court later explained that "the collateral-consequences exception to mootness applies in cases in which the collateral consequence is imposed as a matter of law." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9. Perin's conviction subjected him to a collateral consequence pursuant to 18 U.S.C. 922(g)(9), which makes it unlawful for an individual "who has been convicted in any court of a misdemeanor crime of domestic violence, to * * * possess in or affecting commerce, any firearm or ammunition[.]" *See State v. Fletcher*, 9th Dist. Summit No. 23838, 2008-Ohio-3105, ¶ 11.

IV.  Appellant was Denied Due Process and Fair Trial Due to Prosecutorial Misconduct, in Violation of His Fifth and Fourteenth Amendment Rights Under the Ohio and United States Constitution.

For ease of discussion, we address the assignments of error out of order.

### III.  COMPLIANCE WITH CRIM.R. 11

{¶12}  In the first assignment of error, Perin contends that his guilty plea was not knowing, intelligent, or voluntary because the trial court failed to engage in a Crim.R. 11 plea colloquy with him.  Specifically, Perin asserts that the court failed to inform him of the consequences of the plea or the constitutional rights he would waive by pleading guilty.

{¶13}  " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' "  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).  "In determining whether a guilty * * * plea was entered knowingly, intelligently, and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards."  *State v. Willison*, 4th Dist. Athens No. 18CA18, 2019-Ohio-220, ¶ 11.

{¶14}  "Crim.R. 11 governs the entering of pleas."  *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6.  "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading."

*Id.* Pursuant to Crim.R. 11(C)(2), in a felony case, the trial court "shall not accept a plea of guilty or no contest without first addressing the defendant personally" and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶15} The procedure is less elaborate in a misdemeanor case, particularly one such as this which involves a petty offense, i.e., a misdemeanor for which the penalty prescribed by law does not include confinement for more than six months. *See* Crim.R. 2(C)-(D); R.C. 2919.25(D)(2) (violation of R.C. 2919.25(A) is generally a first-degree misdemeanor); R.C. 2929.24(A)(1) (jail sentence for first-degree misdemeanor is "not more than one hundred eighty days"). Crim.R. 11(E) states: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." In construing this rule, the Supreme Court of Ohio has stated: "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *Jones* at paragraph one of the syllabus, construing Crim.R. 11(E).

{¶16} " 'To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).' " *State v. Dick*, 4th Dist. Adams No. 17CA1049, 2018-Ohio-2207, ¶ 29, quoting *Jones* at paragraph two of the syllabus.  Thus, the court shall not accept a guilty plea without first informing the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt."  Crim.R. 11(B)(1).  Unlike Crim.R. 11(C)(2)(b), Crim.R. 11(E) does not require that the court address the defendant personally when it informs him of the effect of the plea or determine that the defendant understands the effect of the plea.

{¶17} Although strict compliance with Crim.R. 11(E) is preferred, substantial compliance is sufficient because "[i]nforming a defendant of the effect of his or her plea is a nonconstitutional right[.]"  *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 19, citing *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.  " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' "  *Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 15, quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶18} Here, the trial court strictly complied with Crim.R. 11(E) when it informed Perin that a guilty plea is a complete admission of guilt in the pre-arraignment video. The rule required nothing further.  Although the court did not repeat the information when Perin changed his plea from not guilty to guilty, Crim.R. 11(E) requires only that a court inform the defendant of the effect of the plea being entered sometime before accepting the plea.  The rule does not mandate that the court provide the information at the same hearing in which the plea is entered.  *See Jones*, 116 Ohio St.3d 211, 2007-

Ohio-6093, 877 N.E.2d 677, at ¶ 20, fn. 3 (stating in dicta that "Crim.R. 11(E) requires that a trial court inform the defendant of the effect of the plea before accepting a no contest or guilty plea. It does not, however, require that this information be necessarily given at the same hearing. * * * [T]rial courts often conduct mass arraignment hearings in which defendants are informed of their constitutional rights as well as the effect of the plea of guilty, no contest, and not guilty"); *State v. Arnold*, 7th Dist. Monroe No. 08 MO 7, 2009-Ohio-2649, ¶ 21 ("trial court complies with Crim.R. 11(E) when it explains the effect of a plea during an arraignment" but not during the change of plea hearing).

**{¶19}** Accordingly, we overrule the first assignment of error.

## IV.  PROSECUTORIAL MISCONDUCT

**{¶20}** In the fourth assignment of error, Perin contends that he was denied due process and a fair trial due to prosecutorial misconduct. Perin asserts that the prosecutor made unsubstantiated statements to his wife about him being unfaithful and to the court about him violating the no contact order. He claims that the prosecutor used these allegations to "coerce" him into entering a guilty plea, "which was ultimately entered into under the duress of losing everything [he] and [his wife] built together as a family and business owners." He states that the prosecutor's "personal biases should have required recusal and without said bias, the charge would have been dropped as [his wife] stated was her wish as she maintained that no violence occurred and [he] did not harm her."

**{¶21}** "The standard for prosecutorial misconduct is whether a prosecutor's remarks are improper and, if so, whether those remarks prejudicially affected an

accused's substantial rights."  *State v. Beebe*, 4th Dist. Hocking No. 10CA2, 2011-Ohio-681, ¶ 16.

**{¶22}** There is no evidence the prosecutor made unsubstantiated statements to Perin's wife about him being unfaithful, let alone any evidence that this alleged misconduct somehow influenced the plea.  Perin cites the following statement defense counsel made during the first pre-trial hearing:  "I heard information this morning that [the prosecutor] is speaking to Ms.—Mrs. Perin about allegations of her husband cheating on her, which are completely outside the scope of her duties, I believe.  And I think you'll hear more from the Victims' Advocate regarding that information."  However, the advocate did not discuss this issue, and defense counsel did not follow up with any evidence showing the information she had heard was accurate.  The topic was not mentioned when Perin changed his plea.

**{¶23}** The record also does not support the assertion that the prosecutor made unsubstantiated statements to the court about Perin violating the no contact order to coerce him into pleading guilty.  Perin cites a statement the prosecutor made to the court *after he pleaded guilty* about having information that Perin had been seen with his wife.  We fail to see how a statement the prosecutor made after Perin entered his guilty plea could have influenced the plea.

**{¶24}** Finally, the record does not support the assertion that the prosecutor harbored a personal bias against Perin or that but for this supposed bias, the charge would have been dropped.  Even though Perin's wife denied that any violence had occurred, it does not necessarily follow that the state lacked other evidence that justified continued prosecution.

**{¶25}** Accordingly, we overrule the fourth assignment of error.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

**{¶26}** In the third assignment of error, Perin contends that trial counsel provided ineffective assistance that resulted in his plea being unintelligent and unknowing. He asserts that counsel "failed to present potential evidence of prosecutorial misconduct concerning the prosecution's communications with [his] wife during the course of pre-trial and the plea proceedings." He also asserts that counsel failed to object to the trial court's failure "to advise [him] of his constitutional rights and to obtain a knowing, voluntary, and intelligent waiver of those rights." Perin further states that "the record does not reflect that counsel or the court properly informed [him] of his constitutional rights and the consequences of entering plea [sic] in regards to the waiver of those rights."

**{¶27}** To prevail on an ineffective assistance claim, an appellant must show: "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to satisfy either part of the test is fatal to the claim. *See Strickland* at 697. The appellant has the burden of proof "because in Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62. In reviewing an ineffective assistance claim, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.E. 83 (1955).

**{¶28}** Perin failed to satisfy his burden to show ineffective assistance of counsel. As we explained in Section III, Crim.R. 11(E) did not require that the court engage in a colloquy with Perin about the constitutional rights he was waiving by pleading guilty. The failure to make a futile objection does not constitute deficient performance. *State v. Spencer*, 4th Dist. Pickaway No. 19CA6, 2019-Ohio-3800, ¶ 18. The fact that the record does not reflect whether counsel explained certain matters to Perin does not demonstrate that counsel failed to do so. Moreover, Perin only speculates that defense counsel could have found and presented evidence of prosecutorial misconduct. "Speculation is insufficient to establish the prejudice component of an ineffective-assistance-of-counsel claim." *State v. Anderson*, 4th Dist. Lawrence No. 17CA6, 2018-Ohio-2013, ¶ 34. We overrule the third assignment of error.

## VI.  MOTION TO WITHDRAW GUILTY PLEA

**{¶29}** In the second assignment of error, Perin contends that the trial court erred when it denied his first post-sentence motion to withdraw his guilty plea.

**{¶30}** "[A] trial court's order denying a post-sentence Crim.R. 32.1 motion to withdraw a plea constitutes a final appealable order." *State v. Damron*, 4th Dist. Scioto No. 10CA3375, 2011-Ohio-165, ¶ 7. App.R. 4(A)(1) states that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Pursuant to App.R. 3(D): "The notice of appeal *

* * shall designate the judgment, order or part thereof appealed from[.]" " 'If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review.' " *State v. Saunders*, 4th Dist. Scioto No. 17CA3804, 2018-Ohio-1127, ¶ 8, quoting *Hughes v. A & A Auto Sales, Inc.*, 4th Dist. Lawrence No. 08CA35, 2009-Ohio-2278, ¶ 7.

**{¶31}** Perin did not timely file a notice of appeal from the June 25, 2018 order denying his first motion to withdraw. Although Perin filed a notice of appeal within 30 days of the entry of that decision, the notice designated the judgments appealed from as the March 6, 2018 entry and the May 9, 2018 entry. As a result, we lack jurisdiction to consider the second assignment of error and dismiss it.

## VII. CONCLUSION

**{¶32}** We overrule the first, third, and fourth assignments of error, dismiss the second assignment of error, and affirm the trial court's judgments.

APPEAL DISMISSED IN PART
AND JUDGMENTS AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED IN PART AND JUDGMENTS ARE AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**