**[Cite as *State v. Dailey*, 2024-Ohio-3166.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                              |     |                                             |
|------------------------------|-----|---------------------------------------------|
| STATE OF OHIO,               | :   | APPEAL NO. C-230687<br>TRIAL NO. B-2202912  |
|    Plaintiff-Appellee, | :   |                                             |
| vs.                          | :   |                                             |
|                              |     | *O P I N I O N.*                            |
| PATRICK DAILEY,              | :   |                                             |
|    Defendant-Appellant. | :   |                                             |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: August 21, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Norbert Wessels,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Laursen, Colliver, Mellott LLC* and *Erik W. Laursen*, for Defendant-Appellant.

ZAYAS, **Judge.**

**{¶1}** Following guilty pleas, Patrick Dailey was convicted of attempted robbery and abduction. The plea agreement included an agreed aggregate sentence of 66 months. Dailey now appeals, and in three assignments of error, he argues that the trial court failed to advise him of his right to confront witnesses against him and inadequately informed him of postrelease control prior to accepting his pleas, rendering the pleas involuntary, and that his written plea form was altered after he executed it. For the following reasons, we affirm the judgment of the trial court.

## Plea Colloquy

**{¶2}** In his first assignment of error, Dailey contends that the trial court failed to comply with Crim.R. 11 when it did not advise him that he was waiving his right to confront the witnesses against him, rendering his pleas constitutionally infirm. During the plea colloquy, the trial court explained to Dailey that by entering guilty pleas, he would "give up your right to see all of the witnesses against you and have your attorney cross-examine them." Daily argues that this explanation was insufficient because the court failed to explain that Dailey had the right to confront the witnesses against him.

**{¶3}** When reviewing a trial court's acceptance of a guilty plea, the ultimate inquiry is whether the defendant's plea was entered in a knowing, intelligent, and voluntary manner. *State v. Veney*, 2008-Ohio-5200, ¶ 7, citing *State v. Engle*, 74 Ohio St.3d 525 (1996). When an appellate court reviews a trial court's acceptance of a guilty plea, it must independently review the record to ensure that the trial court followed the dictates of Crim.R. 11(C). *State v. Kelley*, 57 Ohio St.3d 127, 128 (1991).

**{¶4}** A trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally

2

advise a defendant before accepting a felony plea that the plea waives certain constitutional rights. *See* Crim.R. 11(C)(2); *Veney* at the syllabus. In relevant part, Crim.R. 11(C)(2)(c) provides that the court shall, prior to accepting a guilty plea, inform the defendant and determine that the defendant understands that by pleading guilty, the defendant is waiving the right "to confront witnesses against him or her." A trial court's failure to notify a defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c) constitutes plain error. *See Veney* at ¶ 24.

{¶5} A trial court is not required to recite the exact language contained in Crim.R. 11(C)(2). *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. The court need "not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27. A plea will not be vacated if the record shows that the trial court's explanation of the constitutional rights being waived by entering a guilty plea was done "in a manner reasonably intelligible to that defendant." *Ballard* at paragraph two of the syllabus. Put differently, "the record must provide a sufficient basis for the conclusion 'that defendant was meaningfully informed of the specific rights enumerated in [Crim.R. 11(C)(2)(c)].' . . . The defendant does not have to be advised in the exact language of the constitution to be meaningfully informed." (Citations omitted). *Id.* at 480.

{¶6} Here, with respect to the right to confront the witnesses against him, the court explained, "You also give up your right to see all of the witnesses against you and have your attorney cross-examine them. Do you understand that?" In response, Dailey nodded affirmatively. According to Dailey, the explanation was deficient because the court used the word "see" instead of "confront." However, the focus is on whether the record shows that the explanation was done "in a manner reasonably

intelligible to that defendant." *Id*. at 480. The court's explanation that the guilty pleas would waive the right to "see" and "cross-examine" the witnesses was a reasonably intelligible description that adequately informed Dailey of his right to confront the witnesses against him. *See State v. Anderson*, 108 Ohio App.3d 5 (9th Dist. 1995) (holding that defendant's right to confront witnesses was adequately explained by the statement "You are giving up your right . . . to cross-examine witnesses."); *State v. McNeal*, 2001 Ohio App. LEXIS 1596, *3 (8th Dist. April 5, 2001) (holding the statement that "you're giving up your right to cross-examine, through your lawyers, the witnesses for the prosecution" was sufficient to advise defendant of his right to confront witnesses).

{¶7} We overrule the first assignment of error.

## Postrelease Control

{¶8} Next, Dailey contends that his pleas were not knowingly, voluntarily and intelligently entered because the trial court inadequately explained the impact of the guilty pleas in regard to postrelease control.

{¶9} Prior to accepting a plea, the trial court must inform the defendant of certain nonconstitutional rights, such as the maximum penalty, which includes an advisement on postrelease control. *See* Crim.R. 11(C)(2)(a); *State v. Sarkozy*, 2008-Ohio-509, ¶ 22 (explaining postrelease control is a nonconstitutional advisement). When explaining the rule's nonconstitutional provisions, the trial court need only substantially comply with Crim.R. 11. *Veney*, 2008-Ohio-5200, at ¶ 14. "But when a trial court fails to fully cover other 'nonconstitutional' aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *Veney* at ¶ 17.

4

{¶10} Here, the trial court informed Dailey that upon his release from prison, he would be subject to postrelease control "for up to one to three years." The court clarified that Dailey would be on postrelease control "anywhere from one to three years" and determined that Dailey understood. The court noted that the postrelease-control law had been amended several times and confirmed the accuracy of the term of postrelease control with the bailiff.

{¶11} Dailey contends that the advisement was deficient because "the trial court itself could not adequately express the law and its impact upon him." Although the court initially misspoke regarding the potential term of postrelease control, the court immediately corrected the error and accurately informed Dailey of postrelease control. By correcting the record, the court complied with the requirements of Crim. R. 11. *See State v. Poage*, 2022-Ohio-467, ¶ 13 (8th Dist.).

{¶12} Accordingly, we overrule the second assignment of error.

### Written Plea Form

{¶13} In his third assignment of error, Dailey alleges that his written plea form was altered with white-out after he reviewed and executed it.

{¶14} Dailey argues that his plea agreement was "altered" and that portions of the agreement were "whited out" after he signed it. Dailey filed a motion to withdraw the pleas on that basis, which was overruled. Dailey asks this court to reverse the court's judgments overruling his motion to withdraw his pleas.

{¶15} However, Dailey did not appeal from the court's order overruling his motion to withdraw the pleas. Consequently, this court lacks jurisdiction to consider this claim and must dismiss it. *See State v. Perin*, 2019-Ohio-4817, ¶ 5 (4th Dist.). Therefore, we dismiss the third assignment of error

## Conclusion

{¶16} Having overruled Dailey's two assignments of error and dismissed the third, we affirm the judgment of the trial court.

*Judgment affirmed and appeal dismissed in part.*

**BOCK, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry this date.